# Gregg's Appeal.

1. The Orphans' Court have no power to direct a sale of real estate which has been appraised, before all the heirs have refused or neglected to take it at the valuation.
2. Where the recognisance of the heir first entitled to take is defective, he should be called on to execute a proper recognisance; and an order awarding the premises to him should not be vacated without affording him such an opportunity.

APPEAL by Elihu Gregg, one of the heirs of Nimrod Gregg, deceased, from the decree of the Orphans' Court of *Fayette county*.

See the opinion of WOODWARD, J., for the material facts of the case.

*Patterson*, for appellant.

*Veech*, contrà.

The opinion of the Court was delivered, December 20, by

WOODWARD, J.—The proceedings in this case cannot be sustained.

Elihu Gregg was the second heir of Nimrod Gregg, deceased, and having purchased the interest of Bain Gregg, who was the eldest, had a right to take the estate at the valuation of the inquest. He appeared for that purpose in open Court on the 6th September, 1847. The minute made by the clerk of what occurred, reads as follows: "And now, to wit, Sept. 6, 1847, the heirs being called, viz., Bain Gregg, Jesse Garwood and Sidney his wife, who make default, and Elihu Gregg, being called, came into Court, and elects to take the real estate which the Court award to him upon his giving security in the sum of $7000, that he shall pay, &c. Benedict Garwood and ——— ——— each *tent*. in the sum of $7000 as security that Elihu Gregg shall pay," &c., &c., &c.

This minute was filed away with the papers, but not docketed. This was a clerical error, and is amendable. Gregg is not to be divested of his estate because the clerk failed to make the proper entry on the docket, when enough appears in his office to show what that entry ought to have been.

But if the minute had been docketed, it is contended it was an insufficient recognisance. Beyond all doubt it is. The 37th section of the Act of 29th March, 1832, requires that the heir, electing to take the estate at the valuation, shall pay to the other parties their respective purparts, or give good security by recognisance or otherwise to the satisfaction of the Court, for the pay-

[Gregg's Appeal.]

ment thereof with legal interest in *some reasonable time not exceed-
ing twelve months, as the Court may direct.*

The Court are to direct the time for the payment of the money,
and are to approve the security, and then it is the business of the
clerk to take and file the recognisance and the bonds. The fee bill
gives him compensation for this duty.

But the record does not show that the Court directed a time
for the payment of the money, or that the clerk drew out and
tendered to Gregg, either a bond to sign or a recognisance to ac-
knowledge. Gregg was there in Court electing to take, and *non con-
stat*, but that he did everything he was required to do. It was
not for him to direct, but to obey. How then is the defective
recognisance to be imputed to him? Shall he be deprived of the
estate which the law gave him a right to take, because the Court
neglected to make the proper orders, or the clerk failed of his
duty? The fair and rational remedy would seem to be to call
him back into Court to complete his securities according to law.
And this, we hold, is what the Court ought to have done. If, upon
being ruled to pay the purparts, or to give approved security for
payment in a specified time, he had failed to comply, the Court
might then have offered the property to the other heirs in their
order, or might have ordered it to a sale.

Instead of giving Gregg such opportunity, the Court, on the
7th June, 1851, granted an *alias* rule on the heirs, to come in and
elect to take the estate ; and, at the same time, made a rule on
Elihu Gregg, to show cause why the minute entry of 6th Septem-
ber, 1847, awarding the property to him, should not be vacated.
On the 1st September, 1851, this last rule was made absolute.

On the 8th September, 1851, the *alias* rule was returnable, and
the heirs not appearing, the estate was ordered to sale, which was
made in December, 1851.

Of this we think Gregg has a right to complain. He ought to
have had an opportunity to perfect his defective recognisance.
The record ought, at least, to have shown that the Court had
made the order required by Act of Assembly, and that Gregg had
neglected to comply with it, before the estate was put to sale. It
is only when all the heirs refuse to take it at the valuation, that
the Court have the power to order a sale. This record shows an
election to take, by one of them. He must have an opportunity to
complete his election in accordance with the Act of Assembly,
before he can be adjudged to have forfeited his rights.

It is considered, adjudged, and decreed that all the pro-
ceedings had in this case in the Orphans' Court of
Fayette county, since the 6th September, 1847, be
reversed and set aside, and that the record be re-
manded to said Court, with directions to make a rule
on Elihu Gregg to appear and pay to the other par-

ties interested their proportionable parts of the value of said real estate, according to the appraisement thereof, or give security by recognisance or otherwise, to the satisfaction of the Court, for the payment thereof with legal interest from the 6th of September, 1847, and thereupon to proceed according to law.